(122 So. 174)

### ATKINS v. STATE. (6 Div. 257.)

Supreme Court of Alabama. May 2, 1929.

L. D. Gray, of Jasper, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAYRE, J. An automobile was caught flagrante delicto and condemned as having been employed in the illegal transportation of prohibited liquors. The car at the time was being driven by an officer of the law, and at the hearing, which was had viva voce before the court, no question seems to have been raised concerning the diligence of appellant, claimant, in trusting the car, if his, into the hands of the driver. We should think that one might let his car into the possession of an officer of the law, a deputy sheriff in this case, relying upon that fact as being sufficient to exclude the necessity of inquiry as to the probable use of the car in the transportation of prohibited liquors.

Appellant claimed to be the owner of the car, and the real question at issue was whether he or the driver was in fact the owner. The evidence was in conflict and confusion, and so with the inferences to be drawn from it. The state's theory of the case was that the driver was the real owner and that appellant, for reasons of his own, was intervening as claimant in order to save the car for the driver; and so the court found in effect. As we have said, the evidence was taken viva voce in the presence of the court and was in conflict, so that now we are unable to say with any conviction of right that the court was wrong in its conclusion. It follows that the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.